Filed 10/3/24  P. v. Walker CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>WALTER EARL WALKER,<br><br>        Defendant and Appellant. | B334454<br><br>(Los Angeles County<br>Super. Ct. No. TA033786) |

        APPEAL from an order of the Superior Court of Los Angeles County, Allen Joseph Webster, Jr., Judge.  Reversed.

        Sydney Banach, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1996, a jury convicted Walter Earl Walker of murder and assault. When sentencing Walker, the trial court imposed and stayed two Penal Code[1] section 667.5, subdivision (b) prior prison term enhancements. The Legislature subsequently deemed invalid enhancements "imposed" pursuant to section 667.5, subdivision (b) unless imposed for a sexually violent offense. Section 1172.75 creates a procedure for resentencing persons sentenced to the now invalid enhancements.

This appeal is from the trial court's order denying Walker a resentencing hearing because the section 667.5, subdivision (b) enhancements were imposed and stayed, as opposed to imposed and executed. On appeal, the parties dispute whether section 1172.75 applies to enhancements that were imposed but stayed. Recognizing this issue is currently before our high court,[2] we follow the weight of appellate authority holding a defendant whose sentence includes a section 667.5, subdivision (b) enhancement that has been imposed and stayed is entitled to a full resentencing hearing. Accordingly, we reverse the order denying Walker a resentencing hearing.

## BACKGROUND[3]

By information filed September 8, 1995, the People charged Walker with the murder of Miguel Galarza and an assault with a firearm on E. Macedo. The People alleged Walker personally

---

[1] Undesignated statutory citations are to the Penal Code.

[2] See Discussion, *post*.

[3] Although our record does not include a transcript of the trial, the facts underlying Walker's offenses are irrelevant to the legal issue before us.

used a firearm.  The People alleged two section 667.5, subdivision (b) enhancements.

The jury convicted Walker of murder and assault and found true the personal use of a firearm as to both convictions.  The court also found true the two 667.5, subdivision (b) enhancements.

In 1996, the court sentenced Walker to a total term of 37 years 4 months to life.  The court imposed and stayed a one-year term for each 667.5, subdivision (b) enhancement.

In 2023, the Department of Corrections and Rehabilitation (CDCR) notified the Superior Court that Walker was possibly eligible for resentencing based on the section 667.5, subdivision (b) enhancements.  The resentencing trial court found Walker was not eligible for resentencing because the trial court had stayed sentence on the section 667.5, subdivision (b) enhancements.  Walker did not file a timely notice of appeal, but we court granted him relief to file a belated notice of appeal.

## DISCUSSION

A sentence enhancement is an " ' "additional term of imprisonment added to the base term." ' [Citation.]" (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1124.)  Before January 1, 2020, section 667.5, subdivision (b) required that trial courts impose a one-year sentence enhancement for each prior prison or county jail term the defendant served if the defendant had not remained free of custody for the preceding five years.  (§ 667.5, former subd. (b); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681 (*Jennings*).)

Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill No. 136) amended section 667.5, subdivision (b), by limiting the enhancement to prior prison

terms for sexually violent offenses. (§ 667.5, subd. (b); *Jennings*, *supra*, 42 Cal.App.5th at p. 681.)  "By eliminating section 667.5, subdivision (b) enhancements for all prior prison terms except those for sexually violent offenses, the Legislature clearly expressed its intent in Senate Bill No. 136 (2019–2020 Reg. Sess.) to reduce or mitigate the punishment for prior prison terms for offenses other than sexually violent offenses."  (*Jennings*, *supra*, at p. 682.)  In 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill No. 483), which made Senate Bill No. 136's changes to the law retroactive (Stats. 2021, ch. 728, § 1), and added former section 1171.1, now section 1172.75, to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

Section 1172.75 provides in relevant part:

"(a) Any sentence enhancement that was *imposed* prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.

"(b) The Secretary of the Department of Corrections and Rehabilitation and the county correctional administrator of each county shall identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and shall provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that *imposed* the enhancement. . . .

[¶] . . . [¶]

"(c) Upon receiving the information described in subdivision (b), the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).  If the court determines that the current

4

judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant. . . .

[¶] . . . [¶]

"(d)(1) Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, italics added.)

The parties dispute whether the term "imposed" in subdivision (a) includes enhancements that were imposed and stayed or instead, applies only to enhancements that are imposed and executed. Appellate courts have disagreed on this issue, which is pending before our Supreme Court. (See, e.g., *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*) [holding inter alia § 1172.75 applicable to sentence enhancements regardless of whether the original trial court stayed the enhancement];[4] *People v. Mayberry* (2024) 102 Cal.App.5th 665, 672 [same], review granted Aug. 14, 2024, S285853; *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1276 [same], review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300, 309 (*Christianson*) [same], review granted Feb. 21, 2024, S283189;

---

[4] The majority in *Espino* also held that section 1172.75 applies to a section 667.5, subdivision (b) enhancement that the original trial court had stricken. (*Espino, supra*, 104 Cal.App.5th at p. 194, petn. for review pending, petn. filed Sept. 19, 2024, S286987 [324 Cal.Rptr.3d 377, 382–383].) We express no opinion on whether that holding is correct.

5

*People v. Rhodius* (2023) 97 Cal.App.5th 38 [holding § 1172.75 applies only to executed sentence enhancements], review granted Feb. 21, 2024, S283169.)

We agree with those appellate courts interpreting section 1172.75 to include sentences for prison prior enhancements that have been imposed and stayed, particularly *Christianson*, *supra*, 97 Cal.App.5th 300, review granted. *Christianson* explained that under section 1172.75, subdivision (b), the CDCR is required to identify all inmates for whom the section 667.5, subdivision (b) enhancements were included in the abstract of judgment regardless of whether the enhancements were stayed. (*Christianson*, *supra*, at p. 312.) "Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Ibid*.) "It does not follow logic or reason to read these two subdivisions together in a manner that would require the CDCR to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the CDCR to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Ibid*.)

*Christianson* further explained that the Legislature intended to "provide broad relief to all defendants impacted by the now invalid section 667.5, subdivision (b) enhancements." (*Christianson*, *supra*, 97 Cal.App.5th at p. 314, review granted.) Because "the Legislature chose to mandate a full resentencing for those individuals impacted by a now invalid section 667.5,

subdivision (b) enhancement," *Christianson* discerned "no reason to differentiate between defendants serving an additional term based specifically on a now invalid enhancements and those for whom the enhancement was imposed but stayed.  In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence."  (*Christianson*, *supra*, at p. 315.)

Respondent argues *Christianson* was wrongly decided because it relied on *People v. Jones* (1993) 5 Cal.4th 1142 and *People v. Brewer* (2014) 225 Cal.App.4th 98 "to conclude the Legislature was aware of a trial court's authority to stay section 667.5(b) enhancements and, by not providing a 'carveout' for such stayed enhancements, intended for section 1172.75 to apply to both executed and stayed enhancements."  According to respondent, *Jones* and *Brewer* considered "other provisions of law" and did not consider the "Legislature's use of 'imposed' in section 667.5(b)."

We agree with respondent insofar as respondent argues neither *Jones* nor *Brewer* considered the meaning of the term "imposed" in section 1172.75, subdivision (a), the resentencing statute at issue before us.  We, however, do not agree that *Christianson*'s reliance on those cases undermines *Christianson*'s holding that section 1172.75 includes section 667.5, subdivision (b) enhancements that were imposed and stayed.

First, *Christianson* relied on *Brewer* to reject respondent's argument that a stayed enhancement never results in additional punishment.  (*Christianson*, *supra*, 97 Cal.App.5th at p. 312, review granted.)  Citing *Brewer*, *Christianson* explained that a trial court "retains the ability to lift the stay and impose the term under certain circumstance, such as if an alternately imposed

7

term is invalidated." (*Ibid*.)  Respondent does not dispute that a trial court retains the ability to impose a stayed term under certain circumstances.

Second, *Christianson* referred to *Brewer* and *Jones* in discussing whether the trial court in that case erred in administratively striking the section 667.5, subdivision (b) enhancement rather than resentencing the defendant. (*Christianson, supra*, 97 Cal.App.5th at pp. 315–316, review granted.)  The trial court in *Christianson* reasoned it should strike the enhancement because "the general rule that 'once the prison prior is found true, it must be imposed or stricken, not stayed' . . . ." (*Id.* at p. 315.)  In other words, staying the enhancement was unauthorized.  In response, the appellate court observed there are statutory exceptions to the general rule. (*Ibid*.)  *Christianson* cited *Jones* and *Brewer* as "authority suggesting that section 667 allows for a stay in cases in which there is both a section 667 serious felony prior enhancement and a section 667.5, subdivision (b) enhancement based on the same underlying conviction." (*Christianson, supra*, at pp. 315–316.) *Christianson* then held the trial court erred in administratively striking the section 667.5, subdivision (b) priors rather than resentencing the defendant.  (*Christianson*, at p. 316.)  Again, these references to *Brewer* and *Jones* do not undermine our reliance on *Christianson* where the trial court here did not strike the section 667.5, subdivision (b) enhancements.

Respondent also contends our high court has interpreted the term "imposed" in *People v. Gonzalez* (2008) 43 Cal.4th 1125–1130 to mean "imposed and executed."  The *Gonzalez* court, however, interpreted the term "imposed" as it appears in a completely different statute, there section 12022.53,

subdivision (f).  *Gonzalez* recognized that "imposed" could encompass an enhancement that was imposed and executed as well as an enhancement that was imposed and then stayed, but reasoned, " 'as a practical matter, the word "impose" is often employed as shorthand to refer to the first situation, while the word "stay" often refers to the latter.' [Citation.]"  (*Gonzalez, supra*, at p. 1125.)  Construing the term in the context of the statutory scheme before it, *Gonzalez* held that "impose" in section 12022.53, subdivision (f) means imposed and executed and not imposed and stayed.  (*Gonzalez*, at p. 1126.)

As *Christianson* recognized, *Gonzalez* was interpreting a statute whose purpose was diametrically opposed to section 1172.75's purpose to reduce sentences.  As *Gonzalez* observed regarding section 12022.53, subdivision (f), "the Legislature's stated intent was to ensure that " ' "*substantially longer prison sentences must be imposed* on felons who use firearms in the commission of their crimes, in order to protect our citizens and to deter violent crime." [Citation.]' [Citation.]"  (*Christianson, supra*, 97 Cal.App.5th at p. 313, review granted, italics added.)  In contrast, Senate Bill Nos. 136 and 483 were "expressly aimed at *reducing* sentences by retroactively eliminating a sentencing enhancement described as exacerbating 'existing racial and socio-economic disparities in our criminal justice system.'  (Sen. Rules Com., Analysis of Sen. Bill No. 136 (2019–2020 Reg. Sess.) as amended Sept. 3, 2019, p. 5; see also Stats. 2021, ch. 728, § 1 ['in order to ensure equal justice and address systemic racial bias in sentencing, it is the intent of the Legislature to retroactively apply . . . Senate Bill [No.] 136 . . . to all persons currently serving a term of incarceration in jail or prison for these repealed

sentence enhancements'].)"  (*Christianson*, at p. 314.)
Interpreting "imposed" broadly advances this goal.  (See *ibid*.)

## DISPOSITION

The order finding Walker ineligible for resentencing is reversed.  The case is remanded for a full resentencing hearing pursuant to Penal Code section 1172.75, as to the section 667, subdivision (b) enhancements that were imposed but stayed.

NOT TO BE PUBLISHED.

BENDIX, Acting P. J.

We concur:

WEINGART, J.

KLINE, J.*

***

\* Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10